# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

WMC MORTGAGE CORP.,                                         PLAINTIFF,

VS.                                                           CIVIL ACTION NO. 4:05CV84-P-A

PAUL W. IVEY and ESSIE B. IVEY,                             DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Plaintiff's Motion to Compel Arbitration [7-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In this action regarding a petition to compel arbitration of claims asserted in *Paul and Essie Ivey, et al. v. WMC Mortgage Corporation, et al.* currently pending in the Circuit Court of Leflore County, Mississippi, Cause No. 2004-0125-CICI, it is undisputed that the defendants Paul W. Ivey and Essie B. Ivey signed an agreement in connection with the subject mortgage loan titled "Agreement for the Arbitration of Disputes." The agreement provides in pertinent part that "any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement." Furthermore, in italics on the bottom of the second paragraph of the Agreement is the sentence "If you have any questions, you should consult your own lawyer before you sign this Agreement."

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor

of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

However, the subject arbitration agreement also contained the following sentence in the second paragraph: "This Agreement is effective and binding on both you and your heirs, successors and assigns and us when it is signed by **both parties**." (emphasis added). Both copies of the arbitration agreement provided to the court, one attached as Exhibit "D" to the Complaint and the other attached as Exhibit "D" to the instant motion, reveal that although the Iveys signed the arbitration agreement, WMC Mortgage Corp. did not. Furthermore, the plaintiff in the instant motion to compel avers in paragraph 14 that Exhibit "D" is "A true and correct copy of the Arbitration Agreement." Therefore, the arbitration agreement is not effective.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Compel Arbitration [7-1] is **DENIED**; therefore,

(2) The plaintiff's Petition to Compel Arbitration should be **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 27th day of December, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE